IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JOHN LYNCH and DAXTON HARTSFIELD, individually and on behalf of all others similarly situated,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**TESLA, INC.**<br><br>*Defendant.* | No. <u>22-597</u><br><br>**CLASS ACTION COMPLAINT** |

**CLASS ACTION COMPLAINT**

John Lynch and Daxton Hartsfield, individually and on behalf of all others similarly situated, file this Class Action Complaint against Defendant Tesla, Inc. ("Tesla") for violating the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et sq. (the "WARN Act") by terminating Plaintiffs and Class Members without providing sufficient (or any) advance written notice.

**I.     NATURE OF THE ACTION**

1.     Tesla has violated the WARN Act by terminating Plaintiffs and similarly situated individuals (the "Class Members") without advance or written notice.

2.     Pursuant to the WARN Act, Tesla is required to provide Plaintiffs and Class Members with the required sixty (60) days advance written notice of a mass layoff. However, in connection with the recent mass layoffs, Tesla has not provided written notice, or advance notice, to Plaintiffs and the "Class Members" prior to terminating their employment.

3.     Plaintiffs and the Class Members were employees of Tesla who have been

1

terminated without cause on their part as a part of mass layoffs beginning in approximately May or June of 2022.

4. Tesla has failed to give Plaintiffs and the Class Members any advance written notice of their terminations. Instead, Tesla has simply notified the employees that their terminations would be effective immediately. Tesla has also failed to provide a statement of the basis for reducing the notification period to zero days advance notice.

5. Tesla's failure to provide its employees with any advance written notice has had a devastating economic impact on Plaintiffs and the Class Members.

6. As a consequence, Plaintiffs and the Class Members are entitled under the WARN Act to recover from Tesla their respective compensation and benefits for sixty (60) days.

7. Specifically, Plaintiffs seek to certify the following class defined as:

> **All former Tesla employees throughout the United States who have not been given a minimum of sixty (60) days written notice of termination and whose employment has been terminated as a result of a "mass layoff" or "plant closing," as defined by the Workers Adjustment and Retraining Notification Act of 1988, beginning in approximately May or June of 2022**

8. Accordingly, Plaintiffs, on behalf of themselves and on behalf of the Class Members, seek recovery of damages in the amount of sixty (60) days' compensation and benefits for each of them by reason of Tesla's violation of their rights under the WARN Act.

## II. PARTIES

9. Plaintiff John Lynch is an adult resident of Nevada. Until his layoff, Plaintiff Lynch worked as an employee of Tesla at its Sparks, Nevada Gigafactory. Lynch is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7).

10. Plaintiff Daxton Hartsfield is an adult resident of Nevada. Until his layoff, Plaintiff

Hartsfield worked as an employee of Tesla at its Sparks, Nevada Gigafactory. Hartsfield is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7).

11. Plaintiffs bring this lawsuit as a Rule 23 class action on behalf of the Class Members. The Class Members consist of all former Tesla employees throughout the United States who have not been given a minimum of sixty (60) days' written notice of termination and whose employment was terminated in "mass layoffs" or "plant closings," as defined by the Workers Adjustment and Retraining Notification Act of 1988, beginning in May or June of 2022.

12. At all relevant times, Tesla has been a business authorized to conduct business in the State of Texas. Tesla's principal place of business is 13101 Harold Green Road, Austin, Texas 78725. Tesla is a public corporation and may be served by serving its registered agent for service of process, CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever it may be found.

### III. JURISDICTION AND VENUE

13. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

14. This Court has personal jurisdiction over this matter because Tesla is headquartered in this District and conducts substantial business operations in this District.

### IV. BACKGROUND AND FACTS

15. Tesla employs thousands of people across the United States. On information and belief, in approximately May or June 2022, Tesla initiated a mass layoff of employees at its sites across the country. It has been widely reported in the media that in early June 2022, Tesla's CEO Elon Musk communicated to Tesla's top executives that Tesla needed to eliminate 10% of its total

workforce.

16.     Prior to their terminations, the named Plaintiffs were employed in Tesla's Gigafactory 2 plant in Sparks, Nevada.

17.     On June 10, 2022, Plaintiff Lynch was notified that his employment was being terminated effective immediately. Tesla did not provide sixty (60) days advance written notice (or any advance notice at all) to Plaintiff Lynch of his impending layoff.

18.     On June 15, 2022, Plaintiff Hartsfield was notified that his employment was being terminated effective immediately. Tesla did not provide sixty (60) days advance written notice (or any advance notice at all) to Plaintiff Hartsfield of his impending layoff.

19.     Upon information and belief, thousands of other employees working for Tesla across the United States have been terminated (collectively, the "Class Members"). In fact, Tesla terminated more than 500 employees alone at its Gigafactory 2 plant in Sparks, Nevada where the named Plaintiffs were employed.

20.     Plaintiffs bring this action individually, and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the other members of the Class.

21.     At all relevant times, Tesla has employed 100 or more employees, exclusive of part-time employees, (i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given) (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

22.     The terminations beginning in approximately May or June 2022, of the employment

of persons who worked at the various facilities for Tesla have resulted in the loss of employment for more than 500 employees (excluding part-time employees).

23. Upon information and belief, Plaintiffs and the Class Members have not received written notice at least sixty (60) days in advance of the termination of their employment, and have not received as much notice as practicable under the circumstances

## V.  CLASS ACTION ALLEGATIONS AND CLAIMS

24. The above and foregoing paragraphs are incorporated herein as if set forth in full.

25. Plaintiffs and the Class Members constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

26. The Class Members are similarly situated to the Plaintiffs with respect to their rights under the WARN Act.

27. Common questions of law and fact are applicable to all members of the Class.

28. The common questions of law and fact arise from and concern the following facts, among others:

   a. That all Class Members enjoyed the protection of the WARN Act;

   b. That all Class Members have been employees of Tesla and worked at Tesla's facilities;

   c. That Tesla has terminated the employment of all Class Members without cause on their part;

   d. That Tesla has terminated the employment of the Class Members without giving them at least sixty (60) days prior written notice as required by the WARN Act;

   e. That Tesla has failed to pay the Class Members wages and to provide other employee benefits for a 60-day period following their respective terminations; and,

   f. On information and belief, the issues raised by affirmative defenses that may be asserted by Tesla.

29. Plaintiffs' claims are typical of the claims of the Class Members in that for each of the several acts of Tesla described above, Plaintiffs and the Class Members are injured parties with respect to their rights under the WARN Act.

30. Plaintiffs will fairly and adequately protect and represent the interests of the Class Members.

31. Plaintiffs and their counsel have the time, ability, and resources to prosecute this action.

32. Plaintiffs have retained the undersigned counsel who have experience litigating class action claims, employee rights claims, and other claims in federal court.

33. The Class is so numerous as to render joinder of all members impracticable in that there are thousands of members of the Class.

34. The questions of law and fact common to the Class Members predominate over any questions affecting only individual members.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36. Concentrating all the potential litigation concerning the WARN Act rights of the Class Members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all Class Members.

37. As a result of Tesla's violation of the WARN Act, each Class Member is entitled to recover an amount equal to the sum of: (a) his/her respective wages, salaries, commissions, bonuses, and accrued pay for vacation and personal days for the workdays in the sixty (60) calendar

days prior to their respective terminations and fringe benefits for sixty (60) calendar days prior to their respective terminations; (b) his/her medical expenses incurred during the 60-day period following their respective terminations that would have been covered and paid under Tesla's health insurance plan had that plan provided coverage for such period.

38. Tesla has failed to pay Plaintiffs and the Class Members for Tesla's violation of the WARN Act in an amount equal to the sum of or any part of the sum of (a) their respective wages, salary, commissions, bonuses, and accrued pay for vacation and personal days for the workdays in the 60 calendar days prior to their respective terminations and fringe benefits for sixty (60) calendar days prior to their respective terminations; and (b) their medical expenses incurred during the sixty (60) calendar days from and after the date of his/her termination that would have been covered under the Defendant's benefit plans had those plans remained in effect.

### VI. COUNT 1: VIOLATIONS OF THE WARN ACT

39. Plaintiffs reassert and re-allege the allegations set forth above.

40. At all times material herein, Plaintiffs and similarly situated persons have been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101 et. seq. 24. Tesla was, and is, subject to the notice and back pay requirements of the federal WARN Act because Tesla is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B).

41. The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs, as well

as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period. Pursuant to the WARN Act, 29 U.S.C. § 2102, and 20 C.F.R. § 639.1-§ 639.10 et seq., Tesla has been required to provide at least sixty (60) days prior written notice of the termination, or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

42. Tesla has willfully violated the federal WARN Act by failing to provide the required notice. Tesla has failed to pay Plaintiffs and other similarly situated employees their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for sixty (60) calendar days from and after the dates of their respective terminations.

43. On information and belief, Tesla has not served any prior written notice of this layoff to any state dislocated worker unit or local government.

44. Section 2103 of the federal WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. §§ 2103(1)-(2). None of the WARN Act exemptions apply to Tesla. Accordingly, Plaintiffs and class members must receive the notice and back pay required by the WARN Act, 29 U.S.C. §§ 2102, 2104.

45. Plaintiffs and all similarly situated employees have been damaged by Tesla's conduct constituting violations of the WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because Tesla has not acted in good faith nor with reasonable grounds to believe their acts and omissions were not a violation of the WARN Act.

## VII. JURY DEMAND

46. Plaintiffs request a trial by jury.

\* \* \*

### PRAYER

47. Accordingly, Plaintiffs on an individual basis and on a representative basis on behalf of the Class Members, respectfully request that judgment be entered in their favor and against Tesla, awarding Plaintiffs on an individual basis and on a representative basis on behalf of the Class Members the following relief:

　　a. certifying this action as a Class Action pursuant to Fed. R. Civ. P. 23;

　　b. designating Plaintiffs as Class Representatives and designating Plaintiffs' counsel as class counsel;

　　c. compensatory damages in an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

　　d. reasonable attorneys' fees, costs, expenses, and disbursements as allowed by the WARN Act, 20 U.S.C. § 2104(1)(6); and

　　e. any other and further relief to which Plaintiffs and the Class Members may be justly entitled.

Respectfully submitted,

By: /s/ *Drew N. Herrmann*
    Drew N. Herrmann
    Texas Bar No. 24086523
    drew@herrmannlaw.com
    Pamela G. Herrmann
    Texas Bar No. 24104030
    pamela@herrmannlaw.com
    Allison H. Luttrell
    Texas Bar No. 24121294
    allison@herrmannlaw.com
    **HERRMANN LAW, PLLC**
    801 Cherry St., Suite 2365
    Fort Worth, TX 76102
    Phone: 817-479-9229
    Fax: 817-840-5102

-AND-

    Harold L. Lichten, pro hac vice anticipated
    hlichten@llrlaw.com
    Shannon Liss-Riordan, pro hac vice anticipated
    sliss@llrlaw.com
    Thomas Fowler, pro hac vice anticipated
    tfowler@llrlaw.com
    Zachary Rubin, pro hac vice anticipated
    zrubin@llrlaw.com
    Matthew Patton, pro hac vice anticipated
    mpatton@llrlaw.com
    **LICHTEN & LISS-RIORDAN, P.C.**
    729 Boylston Street, Suite 2000
    Boston, MA 02116
    Tel. 617-994-5800
    Fax: 617-994-5801

    ATTORNEYS FOR PLAINTIFFS
    AND CLASS MEMBERS