UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN LYNCH, DAXTON HARTSFIELD, and SHAWN SAKHIZADA, individually and on behalf of all others similarly situated,<br>*Plaintiffs*<br><br>v.<br><br>TESLA, INC.,<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§   Case No. 1:22-cv-00597-RP<br>§<br>§<br>§<br>§ |

**ORDER**

Before the Court are Plaintiff's Emergency Motion for a Protective Order, filed July 5, 2022 (Dkt. 7); Defendant's Response, filed July 19, 2022 (Dkt. 20); and Plaintiffs' Reply, filed July 26, 2022 (Dkt. 27). By Text Order entered July 6, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.[1]

**I.   Background**

Plaintiffs John Lynch, Daxton Hartsfield, and Shawn Sakhizada[2] bring this putative class action lawsuit, individually and on behalf of all others similarly situated, against their former employer Tesla, Inc.[3] under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et sq*. (the "WARN Act"), and Section 1400 of the California Labor Code. Plaintiffs allege

---

[1] The District Court also referred Defendant's Renewed Motion to Dismiss and Compel Individual Arbitration (Dkt. 28), which will be addressed in a Report and Recommendation.

[2] Lynch and Hartsfield are Nevada residents who worked at Tesla's factory in Sparks, Nevada. First Amended Class Action Complaint, Dkt. 26 ¶¶ 9-10. Sakhizada is a resident of California who worked at Tesla's store in Palo Alto, California. *Id.* ¶ 11.

[3] Tesla is a public corporation having its principal place of business in Austin, Texas. *Id.* ¶ 13.

that Tesla violated the WARN Act by failing to provide them and other potential class members with sixty days advance written notice before it terminated their employment in a "mass layoff." First Amended Complaint, Dkt. 26 ¶ 2. Plaintiffs ask the Court to certify this action as a class action under Federal Rule of Civil Procedure 23 and be designated class representatives. Plaintiffs also seek compensatory damages, attorneys' fees, and costs.

In their Emergency Motion for a Protective Order, Plaintiffs seek a protective order under Rule 23(d) to prevent Tesla from obtaining releases from individuals it is laying off. Dkt. 7 at 2.

## II.   Analysis

When Tesla involuntarily terminates an employee, it requires the terminated employee to execute a separation agreement providing the employee with a severance package equivalent to one to two weeks of base compensation in exchange for a full release of all legal claims and potential claims against Tesla, including claims under the WARN Act. Dkt. 7 at 2; Dkt. 7-2 at 9-10. Plaintiffs allege that the separation agreements executed after this lawsuit was filed are coercive, abusive, and misleading because Tesla fails to inform terminated employees/potential class members about "the pending litigation and the rights that they are potentially giving up." Dkt. 7 at 5. Plaintiffs contend that "these individuals are entitled to eight (8) weeks of severance pay as a matter of law 'in lieu of the WARN Act notice.'" *Id.* (quoting *Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dep't Stores, Inc.*, 15 F.3d 1275, 1286 (5th Cir. 1994)). Plaintiffs argue that:

> The Court should not allow Tesla to short-circuit the WARN Act claims that have been filed in this case by seeking to collect releases of that claim while it is being litigated – from employees who have no reason to know that they have the right to 60 days' pay (rather than one week's pay) and who have not been informed that a class action case has been filed on their behalf seeking to recover this pay for them.

2

Dkt. 7 at 2. Plaintiffs ask the Court to enter an order striking all releases that Tesla has procured since this suit was filed and issue a protective order under Rule 23(d) to order Tesla "to Cease All Communications with Class Members that Would Affect their Rights to Participate in this Litigation." *Id.* at 8.

### A. Mootness

Tesla first argues that the Court must deny Plaintiffs' Motion as moot "without any further analysis" and compel the case to arbitration because Plaintiffs and all other potential class members signed binding arbitration agreements containing class action waivers. Dkt. 20 at 3-4. The arbitration agreements, however, unequivocally permit Plaintiffs and Tesla to seek preliminary injunctive relief in federal court "to prevent irreparable harm pending the conclusion of any such arbitration" and "to preserve the status quo prior to and/or in aid of arbitration are permitted." Dkt. 28-1 at 11, 20, 29.

In *Janvey v. Alguire*, 647 F.3d 585, 594 (5th Cir. 2011), the Fifth Circuit Court of Appeals held that a district court "can grant preliminary relief before deciding whether to compel arbitration" based on its equitable powers to preserve the status quo where a request for preliminary injunction is filed before a motion to compel arbitration. The court explained that "the congressional desire to enforce arbitration agreements would frequently be frustrated if the courts were precluded from issuing preliminary injunctive relief to preserve the status quo pending arbitration and, *ipso facto*, the meaningfulness of the arbitration process." *Id.* at 595 (quoting *Teradyne v. Mostek Corp.*, 797 F.2d 43, 51 (1st Cir. 1986)); *see also N. Am. Deer Registry, Inc. v. DNA Sols., Inc.*, No. 4:17-CV-00062, 2017 WL 1426753, at *2 (E.D. Tex. Apr. 21, 2017) ("A district court can grant preliminary relief before deciding whether to compel arbitration.").

Therefore, the undersigned finds that the Court has the authority to rule on Plaintiffs' Motion for Protective Order before addressing Tesla's Motion to Dismiss and Compel Arbitration. *See Marsoft, Inc. v. United LNG, L.P.*, No. H-13-2332, 2014 WL 1338707, at *11 (S.D. Tex. Mar. 31, 2014) (considering motion for preliminary injunction before motion to compel arbitration).

**B.  Rule 23(d)**

In the alternative, Tesla argues that the Motion should be denied because Plaintiffs have failed to meet their burden under Rule 23(d). Rule 23(d)(1) describes certain types of orders that district courts may enter "[i]n conducting" class actions. Although the District Court has not certified this case as a class action, Plaintiffs invoke Rule 23(d)(1)(B), which provides that a court may issue orders that:

> require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of:
> (i)    any step in the action;
> (ii)   the proposed extent of the judgment; or
> (iii)  the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action.

"Courts have found a need to limit communications with absent class members where the communications were misleading, coercive, or an improper attempt to undermine Rule 23 by encouraging class members not to join the suit." *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 667 (E.D. Tex. 2003); *see also Crutchfield v. Sewage & Water Bd. of New Orleans*, No. 13-4801, 2014 WL 12658406, at *2 (E.D. La. July 28, 2014):

> A defendant's attempts to influence potential plaintiffs not to join a class action is just as damaging to fairness and efficiency as a defendant that influences members of an already certified class to opt out. That said, prior to class certification, a defendant may seek settlement of individual claims, provided that it does not deceive or mislead putative class members.

4

In *Gulf Oil Co. v. Bernard*, the Supreme Court held that courts can regulate communications with class members before a class has been certified. The Court recognized that:

> Class actions serve an important function in our system of civil justice. They present, however, opportunities for abuse as well as problems for courts and counsel in the management of cases. Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties. But this discretion is not unlimited, and indeed is bounded by the relevant provisions of the Federal Rules.

452 U.S. 89, 99-100 (1981) (footnotes and citations omitted). The Court further held that, because limiting a party's communications can interfere with First Amendment rights, "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101. "[S]uch a weighing—identifying the potential abuses being addressed—should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Id.* at 102.

District courts in the Fifth Circuit have applied a two-part test to determine whether to issue an order impacting a party's speech with potential class members. *Williams v. Sake Hibachi Sushi & Bar, Inc.*, No. 3:18-CV-0517-D, 2018 WL 4539114, at *2 (N.D. Tex. Sept. 21, 2018); *Garcia v. TWC Admin., LLC*, No. SA:14-CV-985-DAE, 2015 WL 1737932, at *3 (W.D. Tex. Apr. 16, 2015). First, the court determines whether there is a need for a restriction on speech by evaluating whether the party's speech is misleading, coercive, or an attempt to undermine the collective action. Second, if such a need exists, the court tailors appropriate injunctions and sanctions in light of First Amendment concerns. *Williams*, 2018 WL 4539114, at *2.

Tesla submits that "there is no evidence before the Court that any putative plaintiff received the standard severance agreement after the lawsuit filed on June 19, 2022 and executed it." Dkt. 20

5

at 7. But Plaintiffs have submitted evidence that Tesla has solicited putative class to sign separation agreements after the suit commenced. Walker Decl., Dkt. 7-6 ¶¶ 4-5 & Exh. A (stating that a separation agreement, dated June 20, 2022, was sent to former Tesla employee "[s]everal days after" he was terminated on June 17, 2022); Ward Decl., Dkt. 7-7 ¶¶ 4, 5 & Exh. A (stating that former Tesla employee was fired on June 20, 2022 and subsequently asked to sign a separation agreement, dated June 22, 2022).

Applying the two-part test, the Court finds that any separation agreements issued or executed after Plaintiff filed this case may be misleading because they fail to inform potential class members of this lawsuit and the rights that they are potentially giving up under the WARN Act. *See Williams*, 2018 WL 4539114, at *3 (finding that settlement agreements were misleading where they failed to mention pending litigation or give putative class members any other information that would allow them to make an informed decision to waive their rights); *Gonzalez v. Preferred Freezer Servs. LBF, LLC*, No. CV 12-03467-ODW, 2012 WL 4466605, at *1 (C.D. Cal. Sept. 27, 2012) (holding that settlement release was misleading where employer did not mention putative class action); *Ralph Oldsmobile, Inc. v. Gen. Motors Corp.*, No. 99 Civ. 4567(AGS), 2001 WL 1035132, at *5 (S.D.N.Y. Sept. 7, 2001) (same).

### C. Conclusion

Having carefully weighed the need for a limitation and potential interference with the parties' rights, the Court finds that an order under Rule 23(d) is appropriate in this case. The Court further finds, however, that the specific relief Plaintiffs request – ordering Tesla to cease all communications with class members and striking all releases Tesla has procured since this suit was filed – is too broad. *See Gulf Oil*, 452 U.S. at 101-102; *Williams*, 2018 WL 4539114, at *4.

Accordingly, Plaintiffs' Motion for Protective Order (Dkt. 7) is **GRANTED IN PART** and **DENIED IN PART**. The Court **ORDERS** Tesla to notify all terminated employees who have received or executed separation agreements on or after June 19, 2022, of the existence of this lawsuit. Tesla must continue to issue such notices until the merits of Plaintiffs' claims are resolved in federal court or in arbitration proceedings. The Court further **ORDERS** the parties to confer and submit a joint proposed notice by **September 23, 2022**.

All other relief not expressly granted herein is **DENIED**.

**SIGNED** on September 16, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE