# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JOHN LYNCH, DAXTON HARTSFIELD, and SHAWN SAKHIZADA, individually and on behalf of all others similarly situated,<br>    *Plaintiffs*<br><br>  v.<br><br>TESLA, INC.,<br>    *Defendant* | Case No. 1:22-cv-00597-RP |

## ORDER

Now before the Court are Defendant's Advisory to the Court and Proposed Notice (Dkt. 34) and Plaintiff's Motion to Approve Content of Notice, both filed September 23, 2022 (Dkt. 35).[1]

Plaintiffs bring this putative class action lawsuit, individually and on behalf of all others similarly situated, against their former employer Tesla, Inc. under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq*. (the "WARN Act"), and Section 1400 of the California Labor Code. Plaintiffs allege that Tesla violated the WARN Act by failing to provide them and other potential class members with sixty days advance written notice before it terminated their employment in a "mass layoff." First Amended Complaint, Dkt. 26 ¶ 2. Plaintiffs ask the Court to certify this action as a class action under Federal Rule of Civil Procedure 23 and be designated class representatives.

---

[1] By Text Order entered July 6, 2022, the District Court referred the underlying Plaintiff's Motion for Protective Order (Dkt. 7) to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The District Court also referred Defendant's Renewed Motion to Dismiss and Compel Individual Arbitration (Dkt. 28), which will be addressed in a Report and Recommendation.

On July 5, 2022, Plaintiffs filed an Emergency Motion for a Protective Order, seeking a protective order under Rule 23(d) to prevent Tesla from obtaining releases from individuals it is laying off. Dkt. 7 at 2. The Court granted Plaintiffs' Motion for Protective Order in part on September 16, 2022. Dkt. 33. The Court ordered Tesla to notify all terminated employees who have received or executed separation agreements on or after June 19, 2022, of the existence of this lawsuit, and to continue issuing such notices until the merits of Plaintiffs' claims are resolved in federal court or in arbitration proceedings. *Id.* at 6-7. The Court further ordered the parties to confer and submit a joint proposed notice by September 23, 2022. The parties did not agree on a joint proposed notice but submitted separate proposed notices.

After considering the parties' proposed notices and Tesla's Advisory to the Court, Plaintiffs' Motion to Approve Content of Notice (Dkt. 35) is **GRANTED IN PART**. The Court hereby **ORDERS** Tesla to issue a Notice in the form shown on the following page.

**SIGNED** on September 26, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

**IMPORTANT NOTICE REGARDING YOUR RIGHTS RELATED TO YOUR TERMINATION FROM TESLA, INC.**

**<u>This notice has been ordered to be sent to you by a federal court.</u> The Court ORDERED Tesla to provide notice of a pending lawsuit to all terminated employees who received or executed a Separation Agreement containing a release of claims against Tesla, Inc. on or after June 19, 2022.**

A lawsuit has been brought claiming that Tesla violated the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"). The name of the case is *Lynch et al. v. Tesla, Inc.*, Civil Action No. 1:22-cv-00597-RP (W.D. Tex.).

The plaintiffs in the case claim that Tesla owes 60 days' pay to employees that it has terminated in mass layoffs since May 2022, because Tesla did not provide advance notice of the layoffs as required by law. For employees who worked in California, the lawsuit also claims a violation of the California WARN Act, Cal. Lab. Code § 1400 *et seq*. These laws require employers who engage in certain mass layoffs to provide 60 days advance notice to employees.

Tesla denies that it has violated the federal WARN Act and/or the California WARN Act or that it conducted mass layoffs triggering these laws. The Court has not yet ruled on any of the plaintiffs' claims, and no class has been certified.

Under the WARN Act and the California WARN Act, you may not be part of the class, depending on the location and size of the facility in which you worked, the number of employees affected by a layoff, and the date of, and/or reason for your termination, among other things.

If you signed a Separation Agreement to obtain a severance payment and were part of a mass layoff, you should be aware that the plaintiffs in this case assert that the release is not valid. If you have not yet signed a Separation Agreement, please be aware that signing it may prevent you from seeking the full 60 days' pay claimed in the lawsuit. You should also be aware that if you do not agree to a Separation Agreement offering severance benefits, you may be giving up such benefits.

The plaintiffs in the underlying lawsuit are represented by the following lawyers:

> Drew Herrmann, Pamela Herrmann, and Allison Luttrell, HERRMANN LAW, PLLC, 801 Cherry Street, Suite 2365, Fort Worth, Texas 76102; Phone: 817-479-9229; www.herrmannlaw.com

> Harold Lichten, Shannon Liss-Riordan, Thomas Fowler, Zachary Rubin, and Matthew Patton, LICHTEN & LISS-RIORDAN, P.C., 729 Boylston Street, Suite 2000 Boston, MA 02116 www.llrlaw.com.

\*\*\*

**THE FORM OF THIS NOTICE HAS BEEN APPROVED BY THE COURT, BUT THE COURT DOES NOT EXPRESS ANY VIEW OR JUDGMENT AT THIS TIME AS TO THE CLAIMS OR DEFENSES OF THE PARTIES IN THIS CASE.**