# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JOHN LYNCH, DAXTON HARTSFIELD, and SHAWN SAKHIZADA, individually and on behalf of all others similarly situated,<br>　　*Plaintiffs*<br><br>v.<br><br>TESLA, INC.,<br>　　*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>Case No. 1:22-cv-00597-RP |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**　　UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant's Renewed Motion to Dismiss and Compel Individual Arbitration Under Rules 12(b)(1) and 12(b)(3), filed August 2, 2022 (Dkt. 28); Plaintiffs' Opposition to Tesla's Renewed Motion to Dismiss and Compel Individual Arbitration Under Rules 12(b)(1) and 12(b)(3), filed August 16, 2022 (Dkt. 31); and Defendant's Reply, filed August 23, 2022 (Dkt. 32).[1]

### I.　　Background

Plaintiffs John Lynch, Daxton Hartsfield, and Shawn Sakhizada[2] bring this putative class action lawsuit, individually and on behalf of all others similarly situated, against their former

---

[1] By Text Order entered August 4, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

[2] Lynch and Hartsfield are Nevada residents who worked at Tesla's factory in Sparks, Nevada. First Amended Class Action Complaint, Dkt. 26 ¶¶ 9-10. Sakhizada is a resident of California who worked at Tesla's store in Palo Alto, California. *Id.* ¶ 11.

employer Tesla, Inc.[3] under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et sq*. (the "WARN Act"), and Section 1400 of the California Labor Code. Plaintiffs allege that Tesla violated the WARN Act by failing to provide them and other potential class members with sixty days advance written notice before it terminated their employment in a "mass layoff." First Amended Complaint, Dkt. 26 ¶ 2. Plaintiffs ask the Court to certify this action as a class action under Federal Rule of Civil Procedure 23 and be designated class representatives. Plaintiffs also seek compensatory damages, attorneys' fees, and costs.

In the instant Motion, Tesla moves to dismiss this lawsuit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3)[4] and compel this case to arbitration based on the arbitration clauses in Plaintiffs' employment agreements. Plaintiffs argue that the Court should not enforce the Arbitration Agreements because they are unconscionable under California law.

## II.   Legal Standards

Congress enacted the Federal Arbitration Act ("FAA") in 1925 "in response to widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Section 2 of the FAA provides, in relevant part:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The Supreme Court has described this provision as reflecting both a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract."

---

[3] Tesla is a public corporation with its principal place of business in Austin, Texas. *Id.* ¶ 13.

[4] The Fifth Circuit "has not decided whether Rule 12(b)(1) or 12(b)(3) is the proper vehicle for a motion to dismiss based on an arbitration provision." *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430 n.5 (5th Cir. 2019) (quoting *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 n.3 (5th Cir. 2010)).

*AT&T Mobility*, 563 U.S. at 339. "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *Id.* (citations omitted). Other than those for workers engaged in transportation, employment contracts are covered by the FAA. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002).

Parties may agree to have an arbitrator decide not only the merits of a particular dispute but also gateway questions of arbitrability, such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). An "agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010). Thus, "parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." *Henry Schein*, 139 S. Ct. at 530 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

Courts apply a two-step analysis to determine whether parties should be compelled to arbitrate a dispute.

> The first is contract formation—whether the parties entered into *any arbitration agreement at all*. The second involves contract interpretation to determine whether *this* claim is covered by the arbitration agreement. Ordinarily both steps are questions for the court. But where the arbitration agreement contains a delegation clause giving the arbitrator the primary power to rule on the arbitrability of a specific claim, the analysis changes.

*Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016) (citations omitted). In the latter case, "the court asks only whether there is a valid delegation clause. If there is, then the *arbitrator* decides whether the claim is arbitrable." *In re Willis*, 944 F.3d 577, 579 (5th Cir. 2019).

3

"If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases." *Kubala*, 830 F.3d at 202.

Like other contracts, arbitration agreements may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability. *Rent-A-Center*, 561 U.S. at 66. The party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004).

### III.   Analysis

In this case, the Court's analysis begins and ends with the determination that the parties have entered into a valid delegation clause. *Willis*, 944 F.3d at 579.

#### A. Arbitrability

When they were hired, Plaintiffs Lynch and Hartsfield agreed to the following arbitration provision, which was contained in their offer letters (the "Employment Agreements"):

> [Y]ou and Tesla agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by ***final, binding and confidential arbitration*** in your city and state of employment conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ("JAMS"), or its successors, under the then current rules of JAMS for employment disputes; provided that:
>
>     a. Any claim, dispute, or cause of action must be brought in a party's individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding; and
>
>     b. The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute and to award such relief as would otherwise be permitted by law; and
>
>     c. The arbitrator shall not have the authority to consolidate the claims of other employees and shall not have the authority to fashion a proceeding as a class or collective action or to award relief to a group or class of employees in one arbitration proceeding; and
>
>     d. The arbitrator shall issue a written arbitration decision including the arbitrator's essential findings and conclusions and a statement of the award; and

4

> > e. Both you and Tesla shall be entitled to all rights and remedies that you or Tesla would be entitled to pursue in a court of law; and
> >
> > f. Tesla shall pay all fees in excess of those which would be required if the dispute was decided in a court of law.
>
> Nothing in this agreement is intended to prevent either you or Tesla from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration. Notwithstanding the foregoing, you and Tesla each have the right to resolve any issue or dispute arising under the Proprietary Information and Inventions Agreement by Court action instead of arbitration.
>
> Arbitrable claims do not include, and this Agreement does not apply to or otherwise restrict, administrative claims you may bring before any government agency where, as a matter of law, the parties may not restrict your ability to file such claims (including discrimination and/or retaliation claims filed with the Equal Employment Opportunity Commission and unfair labor practice charges filed with the National Labor Relations Board). Otherwise, it is agreed that arbitration shall be the exclusive remedy for administrative claims.
>
> \*\*\*
>
> This letter agreement shall be construed and interpreted in accordance with the laws of the State of California.
>
> \*\*\*
>
> If you choose to accept our offer under the terms described above, please indicate your acceptance, by signing below and returning it to me prior to June 19, 2017 [for Lynch; August 31, 2017 for Hartsfield] after which date this offer will expire.

Dkt. 28-1 at 11-12, 20-21. Plaintiff Sakhizada agreed to a substantially similar provision in his Employment Agreement. *Id.* at 28-30.

As stated, parties may agree to delegate threshold arbitrability questions to the arbitrator, if they do so by "clear and unmistakable' evidence." *Henry Schein*, 139 S. Ct. at 530. The Fifth Circuit has held that an arbitration agreement "need not contain an express delegation clause to meet this standard; rather, an arbitration agreement that incorporates the AAA Rules or JAMS Rules 'presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability.'" *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274, 279 (5th Cir. 2019) (opinion on remand) (quoting *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012)), *cert. denied*, 141 S. Ct. 656 (2021); *accord Cooper v. WestEnd Cap. Mgmt.,*

5

*L.L.C.*, 832 F.3d 534, 546 (5th Cir. 2016) (holding that express adoption of JAMS Rules "presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability").

The Arbitration Agreements here expressly incorporate the JAMS Rules, stating that any dispute will be "conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ('JAMS'), or its successors, under the then current rules of JAMS for employment disputes." Dkt. 28-1 at 11, 20, 28. JAMS Employment Arbitration Rule 11(b) contains a delegation clause granting the arbitrator the power to resolve any dispute regarding arbitrability:

> Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.[5]

The express adoption of this rule "presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Cooper*, 832 F.3d at 546. Because the arbitration clauses here expressly incorporate the JAMS Rules and those rules delegate arbitrability disputes to the arbitrator, there is clear and unmistakable evidence that the parties agreed to arbitrate arbitrability.

### B. Unconscionability

Plaintiffs do not dispute that they signed and executed the Employment Agreements containing the arbitration clauses, or that their claims fall within the Arbitration Agreements. Instead, Plaintiffs argue that the Arbitration Agreements are unenforceable under Section 2 of the FAA because they are procedurally and substantively unconscionable under California law. Specifically, Plaintiffs argue that the Arbitration Agreements are unconscionable because they (1) were "included in contracts of adhesion," Dkt. 31 at 14; (2) referred to the JAMS Rules but

---

[5] https://www.jamsadr.com/rules-employment-arbitration/english#Rule-11.

failed to provide Plaintiffs with copies of those rules; (3) required the arbitration proceedings to be confidential which gives employers an unfair advantage; and (4) are not completely bilateral.

Plaintiffs' unconscionability claims concern not whether an agreement has been formed between them and Defendant, but the enforceability of the Arbitration Agreements. Those claims, therefore, are for the arbitrator to decide. *Lopez v. Cintas Corp.*, 47 F.4th ----, 2022 WL 3753256, at *4 (5th Cir. 2022) ("If a party opposing arbitration contests the *validity* of the contract, that goes to the arbitrator; if the party contests the *existence* of a contract, it stays with us."); *Bowles v. OneMain Fin. Grp., L.L.C.*, 954 F.3d 722, 725 (5th Cir. 2020) ("If the *existence* of an arbitration contract between parties is challenged, the challenge is always for the courts to decide. Once the arbitration contract itself has been established, however, then whether that contract may be enforced for or against the parties in the particular case is for an arbitrator to decide.").

In determining whether a challenge is to formation itself or to subsequent enforcement, courts should apply state law principles of contract. *Bowles*, 954 F.3d at 725. Under California law, procedural and substantive unconscionability challenges go to whether the arbitration agreement should be enforced or is valid, not whether the agreement to arbitrate itself was formed. *See, e.g.*, *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1241 (Cal. 2016) ("In this case, we are once again asked to determine the enforceability of an arbitration agreement under the law of unconscionability."); *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1347 (Cal Ct. App. 2015) ("The party challenging the validity of a contract or a contractual provision bears the burden of proving unconscionability."); *see also Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) ("It is well-established that unconscionability is a generally applicable contract defense, which may render an arbitration provision unenforceable."); *Cade Norde v. Center for Autism & Related Disorders, LLC*, No. 22-

7

CV-00639-DMR, 2022 WL 4227274, at *4 (N.D. Cal. Aug. 22, 2022) (noting that unconscionability challenge went to enforceability of arbitration provision, not its existence).

Under California law, Plaintiffs' unconscionability challenges are challenges to enforcement of the Employment Agreements, not their formation. Plaintiffs' challenges therefore must be resolved by an arbitrator. *Cf. Lopez*, 2022 WL 3753256, at *4 ("Because unconscionability under Texas law is a challenge to the validity, not the existence, of a contract, that challenge must be resolved by an arbitrator."); *Bowles*, 954 F.3d at 728 (holding that plaintiff's unconscionability challenges to arbitration provision under Mississippi law went to enforceability and must be referred to arbitrator).

Plaintiffs raise no challenge to the Arbitration Agreements other than unconscionability. Accordingly, Tesla's Motion to Compel Arbitration should be granted.

### C. Dismissal is Appropriate

The FAA provides that, once a court determines that a motion to compel arbitration should be granted, it should "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Fifth Circuit, however, has held that dismissal, rather than a stay pending arbitration, is proper "when *all* of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see also Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 839 (5th Cir. 2018) ("Some circuits have held that district courts must stay a case when all claims are submitted to arbitration, but this circuit allows district courts to dismiss such claims outright."); *Adam Techs. Int'l S.A. de C.V. v. Sutherland Global Servs., Inc.*, 729 F.3d 443, 447 n.1 (5th Cir. 2013) ("Although Section 3 of the Federal Arbitration Act directs district courts to stay pending arbitration, we are bound by our precedent which states that dismissal is appropriate 'when *all* of the issues raised in the district

court must be submitted to arbitration.'") (quoting *Alford*, 975 F.2d at 1164)). As all issues Plaintiffs have raised herein must be referred to arbitration, the Court recommends dismissal of this action.

## IV.     Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant's Renewed Motion to Dismiss and Compel Individual Arbitration (Dkt. 28) and **DISMISS** Plaintiffs' First Amended Complaint without prejudice.

The Court **FURTHER ORDERS** that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 26, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE