IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JOHN LYNCH DAXTON HARTSFIELD, and SHAWN SAKHIZADA** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**TESLA, INC.**<br><br>*Defendant.* | No. 1:22-cv-00597-RP |

**PLAINTIFFS' MOTION FOR RECONSIDERATION AND TO CLARIFY THAT PLAINTIFFS SHOULD PROCEED WITH RESPONDING TO TESLA'S OBJECTIONS TO THE MAGISTRATE'S ORDER**

I. INTRODUCTION

By order dated October 13, 2022, the Court dismissed Plaintiffs' complaint *without prejudice*, in favor of arbitration. However, the Court's dismissal order and enter of judgment, as opposed to a stay pending arbitration, leaves open and unresolved a significant ruling by Judge Hightower that was still in the process of being addressed by briefing. This problem is resolvable by the Court reconsidering its dismissal and instead staying this action pending arbitration. Indeed, the Fifth Circuit has indicated that district courts must stay an action when a party is compelled to arbitration, but there remain unresolved questions that need (or may need) to be resolved by the district court. *See Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 659 (5th Cir. 1995) (under Section 3 of the Federal Arbitration Act, a district court referring a matter to arbitration "must 'stay the trial of the action until such arbitration has been had'").

1

Specifically, the Court must still rule on Tesla's emergency motion to stay the Magistrate's order partially granting Plaintiffs' motion for a protective order (which was fully briefed prior to dismissal) and Tesla's objections to the Magistrate's order granting preliminary relief to Plaintiffs prior to arbitration. Accordingly, Plaintiffs hereby move for reconsideration of the Court's order dismissing this action without prejudice and respectfully request that the Court stay this action pending resolution of these unresolved issues and arbitration of the underlying WARN Act claims.

Moreover, given the Court's recent dismissal order, Plaintiffs also move for clarification regarding whether they should respond to Tesla's objections to the Magistrate's order granting preliminary relief.[1] Since Tesla's objections to the Magistrate's order remain unresolved, Plaintiffs hereby request permission to oppose Tesla's objections, notwithstanding the Court's recent dismissal order.

## II.     ARGUMENT

### A.     Reconsideration of the Court's Dismissal Without Prejudice, In Favor of a Stay Pending Arbitration, Is Warranted.

Pursuant to "Federal Rule of Civil Procedure 59, a party must file a motion to 'alter or amend' a judgment within ten days of the entry of that judgment." *Simmons v. Reliance Standard Life Ins. Co. of Texas*, 310 F.3d 865, 867 (5th Cir. 2002). Here, the Court entered judgment on

---

[1]    At the time of the Court's dismissal order, there was an unresolved emergency motion by Tesla to stay the Magistrate's order partially granting Plaintiffs' motion for a protective order. *See* Dkt. 39. The Court previously stayed the Magistrate's order pending a response from Plaintiffs to Tesla's motion. *See* Dkt. 40 at p. 1 ("the Court will stay Judge Hightower's order temporarily until Plaintiffs can respond to the emergency motion."). Plaintiffs subsequently filed their opposition to Tesla's emergency motion to stay. *See* Dkt. 41. As explained fully by Plaintiffs in their opposition, Tesla's motion for a stay should be denied so that the relief granted by Magistrate Judge Hightower can be effectuated as ordered.

October 13, 2022. *See* Dkt. 47. Accordingly, Plaintiffs' motion for reconsideration is timely and, as explained further below, should be granted under the unique facts of this case and in the interest of justice.² While a court has broad discretion to decide a motion for reconsideration, the Fifth Circuit has recognized that such discretion is not limitless, and the Court must balance the need for finality with "the need to render just decisions on the basis of all the facts." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation and internal quotation marks omitted). Here, considering the unique facts and procedural history, the Court's duty to promote justice requires reconsideration of its dismissal order so that the preliminary relief Plaintiffs have been granted can be effectuated promptly. Indeed, it is not clear to Plaintiffs whether the Court intends to soon rule on matters still pending before it despite the Court's recent dismissal order. Justice requires that the Court address these outstanding issues, and thus, reconsideration is warranted under established Fifth Circuit law indicating that a Court should generally stay an action upon compelling arbitration, unless all matters before the district court have been definitively resolved. *See,* generally, *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d at 659; *see also Techs. Int'l S.A. de C.V. v. Sutherland Glob. Servs., Inc.,* 729 F.3d 443, 447, n. 1 (5th Cir. 2013) (dismissal is only required "when *all* of the issues raised in the district court must be submitted to arbitration.") (citation and internal quotation marks omitted) (emphasis in original).

---

² Moreover, "[i]t is well-established that a timely motion for reconsideration renders the underlying judgment nonfinal until the district court disposes of that post-judgment motion." *Simmons*, 310 F.3d at 867 (5th Cir. 2002), citing *United States v. Ibarra,* 502 U.S. 1, 5, 112 S. Ct. 4, 116 L.Ed.2d 1 (1991). Here, given that the Court's judgment is "nonfinal," the Court may exercise its discretion, while this motion to reconsider is pending, to first resolve Tesla's pending emergency motion to stay (which should be denied) and Tesla's objections to the Magistrate's order. Exercising the Court's discretion in this manner may resolve the key open issues in this case.

Finally, Plaintiffs respond briefly to the Court's finding that Plaintiffs did not object to the Magistrate's order recommending that this case be compelled to arbitration and dismissed without prejudice. *See* Dkt. 46 at p. 1. While it is true that Plaintiffs did not file formal objections to the Court's order compelling arbitration and recommending dismissal, Plaintiffs have consistently made clear to the Magistrate and District Court that Plaintiffs' emergency motion for a protective order should be resolved *prior* to considering whether to compel arbitration or dismiss this action. *See*, e.g., Dkt 27 at p. 3 ("the Court should proceed to address Plaintiffs' Emergency Motion immediately (and before considering whether to compel arbitration.)"); Dkt. 31 at p. 1 ("Plaintiffs reiterate that the Court should decide Plaintiffs' Emergency Motion **before** addressing Tesla's attempt to compel arbitration." (emphasis in original). The Magistrate **agreed with Plaintiffs** and issued an order partially granting preliminary relief to Plaintiffs in response to Plaintiffs' Emergency Motion for a Protective Order. *See* Dkt. 33.[3] Tesla then filed an emergency motion to stay, which Plaintiffs strongly opposed prior to this Court's dismissal order. *See* Dkt. 41. Given these unique facts, this case is similar to *Texaco Expl. & Prod. Co. v. AmClyde Engineered Prod. Co.*, 243 F.3d 906 (5th Cir. 2001), where the Fifth Circuit observed that although the party requesting a stay did not file a formal motion to stay, the party consistently made their positions clear in briefing regarding the appropriate management of the case. 243 F.3d at 908 ("Texaco gave both written and oral notice adequate to apprise both McDermott and the District Court that it was

---

[3] The Magistrate's order recommending dismissal was made after she ordered the relief that she expressly held was appropriately issued **before the question of dismissal could be addressed**. To the extent Plaintiffs did not file objections to the Magistrate's ultimate recommendation of dismissal, those recommendations and the Plaintiffs' non-objections must be viewed in the context in which the Magistrate's order was issued – i.e., after the Court ordered preliminary relief that should be effectuated.

4

requesting a stay and of its supporting arguments."). Under the unique facts, the Fifth Circuit concluded "that the district court erred in refusing to stay the Texaco-McDermott aspect of this controversy pending arbitration." *Id.* at 911.

Here, Plaintiffs have been clear that this Court must first address their request for preliminary relief, which the Fifth Circuit has held may be granted even where a matter must be resolved in arbitration on the merits. *See* Dkt. 33 at p. 3 (quoting *Janvey v. Alguire*, 647 F.3d 585, 594 (5th Cir. 2011) (the court "can grant preliminary relief before deciding whether to compel arbitration," in order to preserve the *status quo*). Plaintiffs have **again reiterated** this position in opposing Tesla's emergency motion to stay the Magistrate's order granting preliminary relief to Plaintiffs prior to arbitration. *See* Dkt. 41 at pp. 5-6. Plaintiffs have therefore been steadfast in arguing to this Court that this matter should not be dismissed until the preliminary relief sought by Plaintiffs, and granted by the Magistrate, is effectuated as intended.[4]

**B.      Plaintiffs Respectfully Request Clarification and Permission to Oppose Tesla's Objections to the Magistrate's Order Partially Granting Plaintiffs' Motion for a Protective Order.**

Plaintiffs respectfully aver that it is unclear whether the Court intends to soon rule on Tesla's pending emergency motion to stay Judge Hightower's order and Tesla's objections to the Magistrate's order. The parties have fully briefed Tesla's emergency motion to stay, and that motion is ripe for resolution. However, under the Court's current order, issued prior to dismissal, Plaintiffs presently have until October 25, 2022 to respond to Tesla's objections. *See* Dkt. 43 (text order granting Plaintiffs' motion for an extension of time to respond to Tesla's objections).

---

[4]    The first course of action should be denying Tesla's emergency motion to stay, as Tesla has failed to meet its burden of proving any of the stay factors are in its favor. *See* Dkt. 41 (Plaintiffs' Opposition to Tesla's Emergency Motion to Stay).

Plaintiffs hereby seek clarification and express permission to file their opposition to Tesla's objections on October 25, 2022, as previously ordered.

### III. CONCLUSION

For the foregoing reasons, the Court should reconsider its prior order dismissing this action without prejudice and instead should stay this action pending arbitration. Further, Plaintiffs respectfully request that the Court clarify that a response to Tesla's objections to the Magistrate's order partially granting Plaintiffs' motion for a protective order will be accepted by the Court notwithstanding the Court's recent dismissal order.

Dated: October 18, 2022                    Respectfully submitted,

By: */s/* Harold L. Lichten
    Harold L. Lichten, pro hac vice
    hlichten@llrlaw.com
    Shannon Liss-Riordan, pro hac vice
    sliss@llrlaw.com
    Thomas Fowler, pro hac vice
    tfowler@llrlaw.com
    Zachary Rubin, pro hac vice
    zrubin@llrlaw.com
    Matthew Patton, pro hac vice
    mpatton@llrlaw.com
    **LICHTEN & LISS-RIORDAN, P.C.**
    729 Boylston Street, Suite 2000
    Boston, MA 02116
    Tel. 617-994-5800
    Fax: 617-994-5801

-AND-

    Drew N. Herrmann
    Texas Bar No. 24086523
    drew@herrmannlaw.com

Pamela G. Herrmann  
Texas Bar No. 24104030  
*pamela@herrmannlaw.com*  
Allison H. Luttrell  
Texas Bar No. 24121294  
*allison@herrmannlaw.com*  
**HERRMANN LAW, PLLC**  
801 Cherry St., Suite 2365  
Fort Worth, TX 76102  
Phone: 817-479-9229  
Fax: 817-840-5102  

ATTORNEYS FOR PLAINTIFFS  
AND CLASS MEMBERS

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2022 a true and accurate copy of theforegoing document was filed via this Court's CM/ECF system.

                                        */s/* Harold L. Lichten  
                                          Harold L. Lichten