IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JOHN LYNCH DAXTON HARTSFIELD, and SHAWN SAKHIZADA individually and on behalf of all others similarly situated,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**TESLA, INC.**<br><br>*Defendant.* | No. 1:22-cv-00597-RP |

**PLAINTIFFS' OPPOSITION TO TESLA'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER[1]**

**I.    INTRODUCTION**

This case concerns Tesla's alleged violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et sq.* (the "WARN Act"), and Section 1400 of the California Labor Code. On July 5, 2022, Plaintiffs moved for preliminary relief "pursuant to Fed. R. Civ. P. 23(d) for a protective Order to prevent Tesla from obtaining releases from the individuals who it is laying off." Plaintiffs' Emergency Motion, Dkt. 7 at p. 2. In that Motion, Plaintiffs provided

---

[1]    As the Court knows, by order dated October 13, 2022, the Court entered final judgment and the Plaintiffs timely moved for reconsideration on October 18, 2022. *See* Dkt. 48. As explained more fully in Plaintiffs' motion for reconsideration, Magistrate Judge Hightower issued her Order requiring Tesla to provide notice **BEFORE** recommending that the case be compelled to arbitration. Plaintiffs do not understand Magistrate Judge Hightower to have intended to supplant her well-reasoned Order regarding notice, especially considering the fact that briefing on Tesla's objection to her Order remains ongoing. Hence, Plaintiffs moved for reconsideration asking that this case would be stayed rather than dismissed. This motion for reconsideration remains pending. Plaintiffs offer their response here, with the understanding that the Court has not yet ruled on Plaintiffs' motion for reconsideration.

1

evidence that in the midst of Tesla's ongoing mass layoffs, Tesla has sought to short-circuit the WARN Act by collecting full releases from thousands of potential class members without them even knowing about this case and their rights. *See id.* Upon a careful review of a record that included seven (7) declarations from laid off Tesla employees (*see* Dkts. 7-1 to 7-7), Magistrate Judge Hightower found that Tesla's efforts to obtain full releases from potential class members was misleading because "they fail to inform potential class members of this lawsuit and the rights that they are potentially giving up under the WARN Act." Order, Dkt. 33 at p. 6 *(citing Williams v. Sake Hibachi Sushi & Bar, Inc.,* No. 3:18-CV-0517-D, 2018 WL 4539114, at *3 (N.D. Tex. Sept. 21, 2018) (finding that settlement agreements were misleading where they failed to mention pending litigation or give putative class members any other information that would allow them to make an informed decision to waive their rights); *Gonzalez v. Preferred Freezer Servs. LBF, LLC*, No. CV 12-03467-ODW, 2012 WL 4466605, at *1 (C.D. Cal. Sept. 27, 2012) (holding that settlement release was misleading where employer did not mention putative class action); *Ralph Oldsmobile, Inc. v. Gen. Motors Corp.*, No. 99 Civ. 4567(AGS), 2001 WL 1035132, at *5 (S.D.N.Y. Sept. 7, 2001) (same)).

Therefore, to remedy Tesla's misleading communications with putative class members and interference with the parties' rights, the Court exercised its discretion under Rule 23(d) and ordered Tesla to notify putative class members of the existence of this lawsuit. *See* Order, Dkt. 33 at p. 6 ("Having carefully weighed the need for a limitation and potential interference with the parties' rights, the Court finds that an order under Rule 23(d) is appropriate in this case."). Because the Magistrate appropriately exercised its discretion under Rule 23(d), Tesla's objections are unavailing. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 101 S. Ct. 2193, 2200, 68 L. Ed. 2d

693 (1981) ("Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties."); *Bing v. Roadway Exp., Inc.*, 485 F.2d 441, 449 (5th Cir. 1973) (ordering notice under Rule 23(d) is discretionary and "the exercise of this equitable discretion will be disturbed on appeal only for an abuse of discretion.").

Tesla chiefly argues that the Magistrate erred in ruling on Plaintiffs' application for preliminary relief prior to ruling on Tesla's motion to compel arbitration. *See* Dkt. 38 at p. 2. However, Tesla's objections are contrary to well-established Fifth Circuit precedent that makes clear that the Magistrate appropriately exercised its discretion to rule on Plaintiffs' motion for a protective order ***before*** deciding whether the underlying WARN Act claims must be resolved in arbitration. As Judge Hightower correctly observed, the Fifth Circuit has held that a district court "can grant preliminary relief before deciding whether to compel arbitration," in order to preserve the *status quo*. Order, Dkt. 33 at p. 3 (quoting *Janvey v. Alguire*, 647 F.3d 585, 594 (5th Cir. 2011)). Moreover, the Court pointed out that even Tesla's arbitration agreement permits the court to afford such preliminary relief. *See* Order, Dkt. 33 at p. 3.

Tesla also asserts various objections boiling down to the argument that Judge Hightower erred in issuing preliminary relief under Rule 23(d) and that she allegedly made erroneous factual findings regarding Tesla's misleading conduct. Tesla's duplicative objections fail to recognize that Judge Hightower acted well within her broad discretion, and she made factual findings unquestionably rooted in the record. As explained further below, the Magistrate made no error – let alone a clear one required for this Court to disturb the order. Accordingly, Tesla has not come close to meeting its burden of proving a clear error by Judge Hightower and its objections should

be rejected in full. *See Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *1–2 (W.D. Tex. Apr. 27, 2017) ("the Court *must* review the Magistrate Judge's order under the clearly erroneous or contrary to law standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)"), citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) (holding that 28 U.S.C. § 636 "specifically requires" the district court to apply the clearly erroneous standard when reviewing a magistrate judge's ruling on non-dispositive pretrial motions).[2]

## II.   ARGUMENT

### A.   Judge Hightower's Decision to Rule on Plaintiffs' Motion for A Protective Order Prior to Tesla's Motion to Compel Was Appropriate and Within Her Discretion.

Tesla first argues that Judge Hightower erred in ruling on Plaintiffs' Motion for a Protective Order prior to ruling on Tesla's motion to compel arbitration. Tesla's argument is a nonstarter because Judge Hightower exercised her discretion in issuing preliminary relief prior to compelling arbitration of Plaintiffs' WARN Act claims on the merits. As Judge Hightower correctly held, the Fifth Circuit has held that courts have the authority to issue relief to preserve the status quo even if a case is ultimately compelled to arbitration. *See Janvey*, 647 F.3d at 595; *see also* Order, Dkt. 33 at p. 3. In *Janvey*, the Fifth Circuit upheld a preliminary injunction where "the district court merely sought to preserve the status quo *before* deciding the motion to compel arbitration, and by doing so they sought to preserve the meaningfulness of any arbitration that might take place." 647 F.3d at 595. (emphasis in original).

---

[2]   It is well-established that the clearly erroneously standard is a highly deferential standard and that reviewing courts are required "to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.,* 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Moreover, Judge Hightower correctly recognized that Tesla's arbitration agreement itself provides for the opportunity to obtain this kind of relief: "Nothing in this agreement is intended to prevent either you or Tesla from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration." *See* Lynch Arbitration Agreement at 3, Ex. A-1 to Flesch Decl., Dkt. 13-1; Hartsfield Arbitration Agreement at 3, Ex. A-2 to Flesch Decl., Dkt. 13-1; *see also Direct Biologics, LLC v. McQueen*, 2022 WL 1693995, at *5 (W.D. Tex. May 26, 2022) (where an arbitration permits parties "to seek preliminary relief in court," a motion to compel arbitration does not divest the court to jurisdiction to grant preliminary relief); *see also* Dkt 33 (Order) at p. 3 ("The arbitration agreements, however, unequivocally permit Plaintiffs and Tesla to seek preliminary injunctive relief in federal court."). Thus, case law and Tesla's arbitration agreement itself make clear that Judge Hightower acted well within the Court's discretion to act on Plaintiffs' Emergency Motion *before* deciding whether the ultimate merits of the case must be compelled to arbitration.

In its objections, Tesla attempts to sidestep *Janvey* by arguing that "[u]nlike in *Janvey*, however, there is no preliminary injunction at issue in this case." Dkt. 38 at p. 8. Of course, *Janvey*'s holding is that a district court "can grant preliminary relief before deciding whether to compel arbitration." 647 F.3d at 593. And while it is true that the court in *Janvey* identified this discretionary authority in the context of a motion for a preliminary injunction to maintain the status quo pending arbitration, the same equitable and discretionary authority is vested in district courts in ruling on motions for protective orders and in exercising discretion under Rule 23(d) (especially when the requested preliminary relief seeks to promote compliance with a federal statutes). *See Long v. Georgia Kraft Co.*, 455 F.2d 331, 335 (5th Cir. 1972) ("The use of protective measures is

5

addressed to the sound discretion of a court of equity."); *In re Deepwater Horizon*, 739 F.3d 790, 809 (5th Cir. 2014) (recognizing a court's discretion under Rule 23(d)); *Bing v. Roadway Exp., Inc.*, 485 F.2d 441, 449 (5th Cir. 1973) (referring to the Court's "equitable discretion" to issue notice under Rule 23(d)); *see also Weinberger v. Romero-Barcelo*, 102 S. Ct. 1798, 1806, 72 L. Ed. 2d 91 (1982) (construing a federal statute as "as permitting the exercise of a court's equitable discretion […] to order relief that will achieve compliance with the Act.")).[3]

Moreover, while the Court did not decide the validity of any releases already signed, the Court's preliminary remedy to notify Plaintiffs of this case and their rights under the WARN Act that Plaintiffs allege have been violated restores the status quo by providing Plaintiffs with information *they should have had* when being presented with Tesla's releases. Tesla argues that notice here does not restore the status quo, but Tesla misconstrues the injury that the Court is addressing preliminarily – i.e., not providing individuals with notice under the WARN Act and, more specifically, notice of the claims asserted in this action that Tesla was seeking a release of. By providing notice, the Court has restored the status quo and allowed class members to act, as they see fit, on information *they should have been provided by Tesla when they were presented with Tesla's releases*.

---

[3] Tesla's objections largely boil down to an irrelevant issue of nomenclature and Tesla's quibbling with Plaintiffs' framing of their request to enjoin Tesla from misleading its laid off employees who have likely had their WARN Act rights deliberately violated. *See e.g., O.R. Sec., Inc. v. Pro. Plan. Assocs., Inc.*, 857 F.2d 742, 746 (11th Cir. 1988) ("The liberality of the ... Federal Rules is such that an erroneous nomenclature does not prevent the court from recognizing the true nature of a motion"). That point aside, the Magistrate correctly observed that Tesla's own arbitration agreement is broadly written to expressly permit either party to seek preliminary remedies court to preserve the status quo prior to arbitration on the merits. *See* Dkt. 33 at p. 3, Dkt. 13-1 at 18; *see also Direct Biologics, LLC v. McQueen*, 2022 WL 1693995, at *5 (W.D. Tex. May 26, 2022) (where an arbitration permits parties "to seek preliminary relief in court," a motion to compel arbitration does not divest the court to jurisdiction to grant preliminary relief).

Tesla also argues that the Federal Arbitration Act ("FAA") somehow prevents the District Court from issuing preliminary relief in a case where the underlying merits of the claims might need to proceed in individual arbitration. However, again, Tesla's argument willfully ignores the Fifth Circuit's holding in *Janvey* which squarely rejected a similar argument. As the Fifth Circuit explained, the ability of courts to issue this kind of preliminary relief in fact advances the purposes of the FAA: "[T]he congressional desire to enforce arbitration agreements would frequently be frustrated if the courts were precluded from issuing preliminary injunctive relief to preserve the status quo pending arbitration, and *ispo facto*, the meaningfulness of the arbitration process." 647 F.3d at 595 (quoting *Teradyne v. Mostek Corp.*, 797 F.2d 43, 51 (1st Cir. 1986)).[4]

### B. Judge Hightower's Ordered Remedy Was an Appropriate Exercise of the Court's Discretion to Issue Preliminary Relief to Maintain The Status Quo and to Correct Tesla's Misleading Conduct.

Tesla also argues that Judge Hightower's ordered relief under Rule 23(d) was (allegedly) not requested by Plaintiffs' and supposedly inappropriate. *See* Dkt. 38 at p. 1. Tesla similarly argues that the Fifth Circuit opinion in *JPMorgan Chase & Co.*, 916 F.3d 494 (5th Cir. 2019) precludes Plaintiffs from obtaining relief, but *JPMorgan Chase* is distinguishable, and the governing Fifth Circuit opinion is *Janvey*, 647 F.3d at 594, which makes clear that the Magistrate was authorized to grant the preliminary relief at issue in this case. Tesla's objections are factually and legally

---

[4] *See also North American Deer Registry, Inc. v. DNA Solutions, Inc.*, 2017 WL 1426753, at *2 (E.D. Tex. April 21, 2017) ("A district court can grant preliminary relief before deciding whether to compel arbitration."); *Henry v. New Orleans Louisiana Saints L.L.C.*, 2016 WL 2901775, at *7 (E.D. La. May 18, 2016) ("Although the FAA establishes a strong presumption in favor of arbitration and limits the role of the court to determining whether a particular claim is referable to arbitration, 'the Fifth Circuit has also very clearly stated that when the issue of arbitrability has not yet been decided, the district court has the authority to grant preliminary injunctive relief.'") (quoting *WPC III, Inc. v. Benetech L.L.C.*, 2012 WL 3253186, at *2 (E.D. La. Aug. 7, 2012)); *Marsoft, Inc. v. United LNG, L.P.*, 2014 WL 1338707, at *11 (S.D. Tex. March 31, 2014) (granting preliminary relief "before [the court] considers Defendants' motion to compel arbitration").

unsupported and should be quickly rejected.

First, contrary to Tesla's suggestions, Plaintiffs repeatedly and expressly requested relief under Rule 23(d) in their emergency motion for a protective order and reply briefing. *See* Dkts. 7 (Pls' Motion) at p. 3 ("As numerous courts have held, Rule 23(d) prohibits [Tesla's] unsupervised and deceptive communications with putative class members, where a defendant in a pending case attempts to obtain releases from class members that do not even inform the class members of what rights they have that are being released or that signing the agreement could prevent them from participating in a pending class action.") (collecting cases)); *see also* Dkt. 27 at p. 8 ("However, the Supreme Court has held that courts can regulate communications with class members even before a class has been certified. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 (1981) (recognizing that a court may, in appropriate circumstances, restrict communications between a party and members of a class or a putative class)"). Tesla's objection that Plaintiffs never requested the ordered relief under Rule 23(d) is misguided at best.[5]

As stated before, Rule 23(d) gives the Court broad authority to issue orders and "impose conditions on the representative parties or the intervenors" to protect class members and fairly conduct the action at any stage on the litigation. Courts applying this standard have found that *ex parte* communications soliciting releases or discouraging participation in a case undermine the

---

[5] Tesla appears to suggest in its objections that it is problematic that Judge Hightower's ordered relief was not exactly what Plaintiffs affirmatively requested in their motion for a protective order. Plaintiffs expressly requested that Tesla be ordered to provide notice of this case every time it sought a WARN Act release. The fact that the *specific* ordered remedy was *slightly* different than Plaintiffs' request to issue notice of this case every time Tesla seeks a WARN Act release is irrelevant. Plaintiffs expressly requested the laid off individuals presented with Tesla's release of WARN Act claims receive notice of this case and the Court's ordered a comparable remedy that corrects Tesla's inappropriate effort to obtain releases of WARN Act claims by communicating directly with class members without at least full and fair disclosures of their rights.

purposes of Rule 23 and require curative action by the court. This includes the power to strike any supposed releases or exclusion agreements that result from this impermissible communication. *See, e.g.*, *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 252 (S.D.N.Y. 2005) (refusing to enforce arbitration agreements that would prevent putative class members from participating in case); *Slavkov v. Fast Water Heater Partners I, LP*, No. 14-CV-04324-JST, 2015 WL 6674575, at *2 (N.D. Cal. Nov. 2, 2015) ("A curative notice shall also be sent to all recipients of the Defendants' communications, notifying them that the settlement agreements are invalid."). For example, the Eleventh Circuit upheld the district court's invalidation of opt-out forms obtained through *ex parte* telephone calls to a defendant bank's customers in *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1196 (11th Cir. 1985). The court noted that "[w]hen confronted with claims pressed by a plaintiff class, it is obviously in defendants' interest to diminish the size of the class and thus the range of potential liability by soliciting exclusion requests … [s]uch conduct reduces the effectiveness of the 23(b)(3) class action for no reason except to undermine the purposes of the rule." *Id.* at 1202-03.

Second, Tesla's argument that the relief ordered was not permitted by Rule 23(d) is contrary to well-established law. Indeed, Judge Hightower followed the lead of many other courts in this district and around the country that have addressed similar misleading conduct by defendants. *See, e.g.*, *Williams v. Sake Hibachi Sushi & Bar, Inc.*, 2018 WL 4539114, at *5 (ordering corrective notice to members of a putative collective action who signed waivers in response to Defendant's *ex parte* communication and permitting such individuals to challenge the agreements as voidable); *Espinoza v. Galardi S. Enterprises, Inc.*, No. 14-21244-CIV, 2015 WL 9592535, at *3 (S.D. Fla. Dec. 31, 2015) (refusing to enforce arbitration agreements distributed during the

pendency of a collective action lawsuit); *Spence v. Irving Holdings, Inc.*, 2010 WL 5609023, at *1 (N.D. Tex. Dec. 15, 2010) (courts have balanced parties' First Amendment rights with a court's role in regulating communication with potential class members "both before and after a class [is] conditionally certified under the FLSA" and have often prohibited misleading communications); *Guifu Li v. A Perfect Day Fran., Inc.*, 270 F.R.D. 509, 518 (N.D. Cal. 2010); *County of Santa Clara v. Astra USA, Inc.*, 2010 WL 2724512, at *5–6 (N.D. Cal. July 8, 2010); *Burford v. Cargill, Inc.*, 2007 WL 81667, at *2 (W.D. La. Jan. 9, 2007).[6]

Courts frequently enter protective orders without class certification where defendants have sought to obtain releases that omit essential information regarding the claims and putative class actions at issue, because without this information, the defendants' communications are viewed as misleading and therefore abusive. *See Friedman v. Intervet Inc.*, 730 F. Supp. 2d 758, 762 (N.D. Ohio 2010) ("A defendant's failure to mention **even an uncertified class action** in securing settlements or releases from putative class members may be 'misleading.'") (emphasis added); *Maney v. Brown*, No. 6:20-CV-00570-SB, 2021 WL 3598532, at *2 (D. Or. Aug. 13, 2021) ("in certain circumstances, Rule 23(d) of the Federal Rules of Civil Procedure 'approves discretionary notice to potential class members prior to the district court's determination whether the action should proceed as a class action.'") (quoting *Pan Am. World Airways, Inc. v. U.S. Dist. Ct. for Cent.*

---

[6] Tesla also incorrectly argues that courts may not issue relief under Rule 23(d) prior to certification is not correct. *See Maney v. Brown*, No. 6:20-CV-00570-SB, 2021 WL 3598532, at *2 (D. Or. Aug. 13, 2021) ("in certain circumstances, Rule 23(d) of the Federal Rules of Civil Procedure 'approves discretionary notice to potential class members prior to the district court's determination whether the action should proceed as a class action.'") (quoting *Pan Am. World Airways, Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 523 F.2d 1073, 1077 (9th Cir. 1975)); *Jones v. Jeld-Wen, Inc.*, 250 F.R.D. 554, 560 (S.D. Fla. 2008) (rejecting the defendant's claim that the court lacked discretion under Rule 23(d) to issue relief "pre-certification").

*Dist. of California*, 523 F.2d 1073, 1077 (9th Cir. 1975)); *Jones v. Jeld-Wen, Inc.,* 250 F.R.D. 554, 560 (S.D. Fla. 2008) (rejecting the defendant's claim that the court lacked discretion under Rule 23(d) to issue relief "pre-certification"); *see also Kutzman v. Derrel's Mini Storage, Inc.*, 2018 WL 6625791, at *8 (E.D. Cal. Dec. 18, 2018) ("[T]he Court cannot countenance Defense counsel's actions in attempting to mislead and coerce Defendant's current and former employees into settling prior to certification, possibly adverse to their interests.").

Tesla argues that the putative class members should not have received notice because they signed arbitration agreements precluding them from adjudicating the merits of their claims in this Court. *See* D's Objection, Dkt. 38 at p. 10. Again, Tesla fails to acknowledge that its arbitration agreement expressly permits preliminary applications to be filed in federal court and thus each of the putative class members are entitled to the same common preliminary remedy from this Court. Judge Hightower appropriately recognized that the decision to exercise her discretion to order preliminary relief was consistent with Tesla's arbitration agreement. *See* Order, Dkt. 33 at p. 3. Preventing Tesla from obtaining releases of the claims of potential class members *before* deciding on the validity of individual arbitration agreements gives effect to <u>*valid*</u> arbitration agreements while also protecting the ability of the class member to pursue their claims, even if that ultimately has to be in arbitration. This point is especially salient considering the employee-protective remedial purpose of the WARN Act: "Congress enacted WARN to protect workers and their families . . ." *Hotel Employees and Restaurant Employees Intern. Union Local 54 v. Elsinore Shores Associates*, 173 F.3d 175, 182 (3d Cir. 1999); *see also Easom v. US Well Services, Inc.*, 37 F.4th 238, 244 (5th Cir. 2022) (acknowledging "the Act's remedial purpose" of allowing employees who are being laid off "some transition time to adjust to the prospective loss of employment, to seek and

obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market") (quoting 20 C.F.R. § 639.1(a)).

Tesla also argues that the Fifth Circuit's opinion in *JPMorgan Chase & Co.*, 916 F.3d 494 (5th Cir. 2019), precludes to preliminary relief Plaintiffs sought and received in this case. First, Tesla did not clearly make such an argument to the Magistrate and should be deemed to have waived it. In any event, unlike in this case, *JPMorgan Chase* did not concern plaintiffs seeking affirmative preliminary relief, expressly allowed under the terms of the applicable arbitration agreement as well as by the Fifth Circuit, *see Janvey*, 647 F.3d at 594, in direct response to a defendant's misleading and deceptive conduct. *JP Morgan Chase* concerned the different issue of whether a district court can issue notice of a right to "opt-in" to a Fair Labor Standards Act ("FLSA") action where the plaintiffs agreed that certain individuals signed valid arbitration agreements and thus were precluded from joining the FLSA collective action in court. *See* 916 F.3d at 498. Here, by contrast, Plaintiffs instead sought preliminary relief in response to a party's efforts to obtain specific releases of legal claims inappropriately. In *Janvey*, 647 F.3d at 594, the Fifth Circuit made crystal clear that district courts can grant preliminary relief to maintain the status quo so that individuals can actually arbitrate the merits of their cases. The Fifth Circuit's precedent in *Janvey*, not *JP Morgan*, governs this case and authorized Judge Hightower to grant Plaintiffs preliminary relief even though she ultimately compelled their claims to arbitration.[7]

---

[7] Moreover, *JP Morgan* court expressly recognized the differences between Rule 23 and FLSA collective actions that presented the Court with the specific question of whether individuals with arbitration agreements may receive notice of the right to opt-in to an FLSA collective. *See id.* at 500 ("Unlike members in Rule 23 class actions, putative class members must affirmatively opt in to a FLSA actions."). Here, Tesla concedes that each Rule 23 class member in this case signed its common arbitration agreement. Tesla's arbitration agreement entitles each putative class member to seek preliminary relief issued from this Court, which Plaintiffs have done on behalf of

### C. Judge Hightower's Factual Findings Are Supported by The Record and Are Not Clearly Erroneous.

Tesla argues that the record does not support Judge Hightower's findings that Tesla engaged in misleading or deceptive conduct permitting the Court to exercise its discretion to fashion appropriate preliminary relief. *See* Dkt. 38 at pp. 16-18. However, Tesla's argument is a nonstarter where the record contains seven (7) declarations from laid off Tesla employees from multiple facilities. *See* Dkts. 7-1 to 7-7. Collectively, these declarations make clear that Tesla engaged in mass layoffs without providing statutory required WARN Act notice and that Tesla sought obtain WARN Act releases from laid off employees without disclosing their WARN Act rights or interest in this lawsuit.[8] Indeed, Plaintiffs submitted evidence demonstrating that Tesla continued to solicit releases after the lawsuit was filed. *See* Ward Decl. at ¶¶ 2, 5, Dkt. 7-7. Based on this record evidence, Judge Hightower found that "Plaintiffs have submitted evidence that Tesla has solicited putative class [members] to sign separation agreements after the suit commenced." Order, Dkt. 33 at p. 6. For Tesla to suggest that there is insufficient evidence in the

---

the class, even if class members must adjudicate the merits of their WARN Act claims in arbitration.

[8]  Tesla attempts to distract the Court by accusing Plaintiff Lynch of making a misrepresentation in his sworn declaration. Plaintiff Lynch did no such thing. In his declaration, Plaintiff Lynch attested that he did not receive an email soliciting him to sign a separation agreement that contained a full release until June 26, 2022, after this lawsuit was filed. *See* Lynch Decl. ¶ 7, Dkt. 7-2. Tesla alleges that this testimony was false because its records supposedly reflect that the separation agreement was emailed to him on June 11, 2022. *See* Flesch Decl., Ex. A-4, Dkt. 28-1 at p. 47. However, this document comports with Lynch's testimony. Regardless of whether Tesla's records reflect that the document was sent on June 11, it was not *received* by Lynch until at least June 26, 2022. *See* Lynch Decl. ¶ 7, Dkt. 7-2. Indeed, the first record of Lynch actually reviewing the document was on June 27, 2022. *See* Flesch Decl., Ex. A-4, Dkt. 28-1 at p. 47. It is deeply inappropriate for Tesla to make such an allegation.

record that it has attempted to obtain releases since the lawsuit began is simply contrary to the record.[9]

Tesla's objections are especially unavailing given that Judge Hightower's factual findings are afforded deference and cannot be viewed as clearly erroneous in view of this record. *See Castillo v. Frank*, 70 F.3d at 385.

### D. Tesla's Supplemental Objections (Dkt. 44) Are Similarly Without Merit.

After the Court approved the form of a notice (Dkt. 36), Tesla filed supplemental objections (Dkt. 44) on October 10, 2022. In accordance with the Court's Order, Tesla was required "to notify all terminated employees who have received or executed separation agreements on or after June 19, 2022, of the existence of this lawsuit," and "Tesla must continue to issue such notices until the merits of Plaintiffs' claims are resolved in federal court or in arbitration proceedings." Order, Dkt. 33 at p. 7. The Court ordered the parties to confer on the content of the notice and to submit a joint notice by June 19, 2022. *See id.* at p. 7. Per the Court's order, Plaintiffs provided Tesla with a proposed notice. However, Tesla refused to agree on a notice that complied with the Court's order.[10] Instead, Tesla argued that any notice, if issued, should be limited by

---

[9] Tesla appears to suggest that these declarations do not matter, since named Plaintiff Lynch and Mr. Wells opted not to sign Tesla's separation agreement containing the WARN Act release. As a matter of common sense, these declarations demonstrate that Tesla sought releases after the filing of this suit. That fact is enough to warrant the protective order. *See Kubala v. Supreme Prod. Servs.,* 830 F.3d 199, 205 (5th Cir. 2016) (Higginbotham, J., concurring) (raising concern about an employer who may seek post-suit releases or post-suit arbitration agreements from its employees because "whether it is a public or private proceeding matters a great deal, arriving on stage as it does redolent with large concerns attending a regime of contracting out justice — when consent so often must be blind to inequality of bargaining power.").

[10] Tesla took such unilateral action even prior to moving for a stay of the Court's order on September 27, 2022 (and before this Court had issued a temporary stay pending the resolution of Tesla's motion to stay). *See* Dkts. 39, 40.

Tesla's self-serving and unduly narrow reading of the complaint.[11] The Magistrate correctly rejected Tesla's intentionally over-narrow reading of the Court's Order and ordered Tesla to issue a notice consistent with the form shown in Dkt. 36 at p. 3 (attached as Ex. A).[12]

In supplemental objections (Dkt. 44), Telsa argues that the notice approved by Judge Hightower is inappropriate for substantially the same reasons Tesla has argued in its original objections. However, Tesla also asserted a purported concern for misleading laid off class members because the notice refers to a "pending lawsuit" when Judge Hightower ultimately recommended

---

[11] Specifically, during conferral meetings with Plaintiffs' counsel, Tesla's counsel informed Plaintiffs' counsel that "[a]s [he] read your Amended Complaint, the class is comprised of former Tesla employees who were terminated in May and June 2022 and were offered separation agreements." *See* Conferral Email Chain (Dkt. 35-2).

[12] Judge Hightower correctly rejected Tesla's request to forego reading the First Amended Complaint in context (and construing it in Plaintiffs' favor) and substantially granted Plaintiffs' proposed notice. *See* Dkt. 36. Tesla unreasonably asks the Court to limit notice because Plaintiffs' Complaint (Dkt. 26 at ¶ 3), refers to class members as those terminated "in approximately May or June 2022, as part of a mass layoff" which Tesla contends limits the scope of the class. Cf. *Plaintiffs' Mot.* at p. 1, Dkt. 7 ("This case is brought on behalf of individuals who have worked for [Tesla] and have been terminated by Tesla in an ***ongoing*** mass layoff. Plaintiffs allege that ***beginning*** in about May or June 2022, Tesla ***initiated*** a mass layoff . . . ."); *Id.* ("Tesla's failure to provide advance notice of its mass layoff, **which appears to be *ongoing***, constitutes a violation of the [WARN Act]")(emphasis added); *Id.* at p. 2 (seeking "a protective Order to prevent Tesla from obtaining releases from the individuals who it is **laying** off.") (citing FN 1) ("Plaintiffs respectfully ask the Court to promptly address this Motion as **Tesla is *continuing* to obtain releases**.")(emphasis added); *Plaintiffs' Reply* at p. 2, Dkt. 27 ("Despite the fact that this case was filed on June 19, 2022, Tesla continued (**and still continues**) its efforts to obtain full releases from putative class members . . . .") (emphasis added). Contrary to Tesla's assertion, Plaintiffs' reference in the First Amended Complaint to layoffs in "approximately May or June 2022" does not preclude inclusions of layoffs that occurred in July, August, or September 2022 – months close in temporal scope to the May and June layoffs that discovery may well show are part of the same mass layoff plans referred to in the complaint. *Id.*
     Tesla is continuing a pattern of conduct that is part of its effort to conceal its willful violations of the WARN Act and to mislead its employees with incomplete and deceptive information. If Tesla in fact continued to lay off employees in the months after this lawsuit was filed, and in fact continued to mislead them by asking them to sign deceptive separation agreements, there is no reason that those individuals should be excluded from receiving life in the form notice of their legal rights.

that this action be dismissed in favor of arbitration.[13] See Dkt. 44 at p. 2. Tesla asks this Court to assume that providing the corrective notice will cause confusion and result in improper solicitation while failing to recognize that the corrective notice was necessitated by Tesla's ***own misleading conduct and solicitation of WARN Act releases***. It should not be lost on the Court that Tesla is expressing concerns about confusing its employees when the crux of the Magistrate's order is it is that Tesla who has misled them in soliciting releases, thus necessitating the Rule 23(d) relief at issue. Tesla employees are not being asked to join any suit, they are merely being provided with notice of the existence of this suit and the allegations that Telsa has asked them to sign a release that Plaintiffs claim is not valid. The laid off professionals from Tesla are perfectly capable of making their own decisions regarding whether or not they wish to contact counsel and there is nothing improper about providing such corrective notice. S*ee Kleiner,* 751 F.2d at 1201–03 (recognizing district court's authority to police class member contacts and to prohibit defendant from engaging in unsupervised, unilateral communications with plaintiff class members to solicit exclusion requests from Rule 23 class). Tesla assumes the position of the fox guarding the henhouse and the Court should not countenance Tesla's continued efforts to deny Plaintiffs a remedy in response to Tesla's misleading conduct. *See In re Organogenesis Sec. Litig.*, 241 F.R.D. 397, 410-11 (D. Mass. 2007) ("The court is aware that Defendants are playing the role of the proverbial fox guarding the henhouse. Courts have recognized that defendants often seek to cast

---

[13] The Court subsequently adopted the Magistrate's dismissal recommendation and Plaintiffs have since filed a motion for reconsideration, indicating that this action should be stayed pending arbitration to allow for resolution of numerous pending motions and issues before the Court, including Tesla's motion to stay notice and Tesla's objections to the Magistrate's order. *See* Dkt. 48. Moreover, if the Court is truly concerned about verbiage in the notice, the notice can easily be modified slightly to address any concerns.

aspersions on the adequacy of class representatives and counsel while truly seeking to have no class certified at all.").

## III. CONCLUSION

For the foregoing reasons, the Court should deny Tesla's objections to the Magistrate's order.

Dated: October 25, 2022          Respectfully submitted,

By: */s/ Harold L. Lichten*
    Harold L. Lichten, pro hac vice
    hlichten@llrlaw.com
    Shannon Liss-Riordan, pro hac vice
    sliss@llrlaw.com
    Thomas Fowler, pro hac vice
    tfowler@llrlaw.com
    Zachary Rubin, pro hac vice
    zrubin@llrlaw.com
    Matthew Patton, pro hac vice
    mpatton@llrlaw.com
    **LICHTEN & LISS-RIORDAN, P.C.**
    729 Boylston Street, Suite 2000
    Boston, MA 02116
    Tel. 617-994-5800
    Fax: 617-994-5801

    -AND-

    Drew N. Herrmann
    Texas Bar No. 24086523
    drew@herrmannlaw.com
    Pamela G. Herrmann
    Texas Bar No. 24104030
    pamela@herrmannlaw.com
    Allison H. Luttrell
    Texas Bar No. 24121294
    allison@herrmannlaw.com

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229
Fax: 817-840-5102

ATTORNEYS FOR PLAINTIFFS
AND CLASS MEMBERS

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2022 a true and accurate copy of theforegoing document was filed via this Court's CM/ECF system.

*/s/ Harold L. Lichten*
Harold L. Lichten