IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN LYNCH, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:22-cv-597-RP |
| TESLA, INC., | § § | |
| Defendant. | § § | |

## ORDER

Before the Court is a motion for reconsideration brought by Plaintiffs John Lynch, et al. ("Plaintiffs"). (Mot. Reconsider, Dkt. 48). The motion requests that the Court reconsider its order adopting Magistrate Judge Susan Hightower's recommendation to dismiss the case. (R&R, Dkt. 37; Order, Dkt. 46). For the reasons discussed below, the Court will deny Plaintiffs' motion.

## I. BACKGROUND

Plaintiffs filed suit on June 19, 2022, alleging violations of the WARN Act by Defendant Tesla, Inc. ("Tesla"). Plaintiffs also moved for a protective order, asking the Court to order Tesla to stop sending releases to former employees who were potential class members in this suit. (Mot., Dkt. 7). Tesla moved to dismiss the case and compel arbitration, pursuant to arbitration waivers that the named Plaintiffs had signed. (Mot. Dismiss, Dkt. 13). The Court referred both motions to United States Magistrate Judge Susan Hightower.

On September 26, 2022, the Judge Hightower ordered Tesla to send a notice to potential class members. (Order, Dkt. 36). On the same day, Judge Hightower submitted a recommendation that the Court dismiss the case and compel arbitration. (R&R, Dkt. 37). Tesla filed a motion for reconsideration of the Judge Hightower's order and an emergency motion to stay. (Mot. Reconsider,

1

Dkt. 38; Mot. Stay, Dkt. 39). The Court temporarily issued a stay so it could hear merits of the stay and the motion to reconsider. (Order, Dkt. 40).

During the next two weeks, the parties filed briefing on the motion to stay and the motion to reconsider. Plaintiffs filed a motion for extension of time to file a response to the motion to reconsider, which the Court granted. (Mot., Dkt. 43). However, Plaintiffs never filed an objection to Judge Hightower's report and recommendation, nor an extension of time to object to it. Accordingly, finding the report and recommendation unopposed, the Court adopted the Judge Hightower's report and dismissed the case to arbitration on October 13, 2022.

Five days later, Plaintiffs filed this motion for reconsideration. (Mot. Reconsider, Dkt. 48). In their motion, Plaintiffs ask the Court to reconsider its dismissal of the case, and instead stay the action pending arbitration. (*Id.* at 6). They argue that, while they did not strictly object to the report and recommendation, they repeatedly made clear that the Court should address their request for preliminary relief before deciding whether to dismiss. (*Id.*). Tesla filed a reply on November 1, 2022. (Reply, Dkt. 50).

## II. DISCUSSION

### A. Rule 59 Motion

Plaintiffs bring their motion for reconsideration under Rule 59. (Mot. Reconsider, Dkt. 48, at 2). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir.2002)). The Fifth Circuit has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989) (internal quotations

omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000) (internal citations omitted).

While a district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration, such discretion is not limitless. *Templet*, 367 F.3d at 479. The Fifth Circuit has identified two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts. *Id.* The task for the district court is to strike the proper balance between these competing interests. *Id.* To succeed on a Rule 59(e) motion, therefore, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). An unexcused failure to present arguments available at the time of a motion to dismiss provides a valid basis for denying a subsequent motion for reconsideration. *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir.1991). Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.*

Here, Plaintiffs should have presented their arguments as an objection to the recommendation—before the Court rendered final judgment. In their motion for reconsideration, Plaintiffs repeatedly argue that the Court should stay the case pending arbitration, rather than dismiss it. (Mot. Reconsider, Dkt. 48, at 2–6). However, the Magistrate Judge's recommendation—which Plaintiffs did not timely object to—suggests dismissal of the case. (R&R, Dkt. 37, at 8). As the report found, "all issues Plaintiffs have raised herein must be referred to arbitration," meaning that the case should be dismissed rather than stayed. If Plaintiffs wanted the action to be stayed, rather than dismissed, they needed to object to the report and recommendation. Rule 72(b) allows parties 14 days to file objections to a report and recommendation. Plaintiffs failed to exercise this option, and instead objected to the recommendation only after the Court adopted the recommendation and

3

entered final judgment. Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Russ v. Int'l Paper Co.*, 943 F.2d at 593. Plaintiffs could and should have asked the Court to stay the case as an objection to the report and recommendation. Because they failed to do so, the Court will deny their motion for reconsideration.

### B. Plaintiffs' Implied Objection

As an alternative argument, Plaintiffs contend that they impliedly objected to the report and recommendation because they repeatedly made clear that their motion for a protective order should be addressed before the motion to dismiss. (Mot. Reconsider, Dkt. 48, at 4). They argue that the Judge Hightower agreed that the motion to dismiss should come after the protective order. (*Id.*). This argument is unavailing. First, Judge Hightower proposed timeline is not binding on this Court, since it pertains to a dispositive motion where she is limited to a recommendation, rather than an order. 28 U.S.C. § 636(b)(1)(B). The District Court itself did not state that it would delay consideration of the motion to dismiss so it could first grant preliminary relief. Second, at the time Judge Hightower issued her recommendation as well as her order, it was unclear whether Plaintiffs would object to the recommendation. Indeed, given that Plaintiffs opposed Tesla's motion to dismiss, (Resp., Dkt. 31), it seems likely to expect that they would have also opposed the recommendation granting Tesla's motion. Preliminary relief becomes much more warranted under the expectation that it may take months to decide the motion to dismiss, but this stopped being the case when Plaintiffs failed to file a timely objection. Finally, even if Judge Hightower's proposed timeline had been binding on this Court, it would not have obviated Plaintiffs' need to timely object to the report and recommendation.

Plaintiffs further argue that Fifth Circuit precedent allows courts to stay a case even when the requesting party has not filed a motion for a stay. In one case, the Fifth Circuit held that the district court should have issued a stay pending arbitration when it was requested by the Plaintiff,

even though not formally filed as a motion. *Texaco Expl. & Prod. Co. v. AmClyde Engineered Prod. Co.*, 243 F.3d 906, 909 (5th Cir. 2001). The facts in *Texaco*, however, are readily different from this case. First, in *Texaco*, the Plaintiff dedicated five pages of a motion for summary judgment to its request for a stay. *Id.* at 908. Here, however, Plaintiffs did not embed their argument inside a motion. Instead, their claim is that the Court should have inferred it from their stance on the protective order. This inference is less notice than the parties provided in *Texaco*. Second, the Fifth Circuit dealt with whether the request for a stay was properly before the court on appeal, not whether it had been filed as an objection to a report and recommendation. In this case, Plaintiffs had an explicit avenue to request a stay, but failed to exercise it. Third, and most importantly, the Fifth Circuit in *Texaco* was deciding whether the case should proceed or be stayed pending arbitration. (*Id.*). Here, by contrast, the Court is deciding between a stay or outright dismissal. Thus, even if proper notice had been given to the Court regarding Plaintiffs' desire for a stay, *Texaco* would still have not been relevant as to whether the Court should stay or dismiss the case.

Finally, Plaintiffs argue that preliminary relief is proper when a district court considers sending a case to arbitration. Under Fifth Circuit precedent, a court may grant preliminary relief before deciding whether to compel arbitration in order to preserve the status quo. *Janvey v. Alguire*, 647 F.3d 585, 594 (5th Cir. 2011). However, this decision is discretionary—a court is not *required* to issue preliminary relief. In the instant case, the Court ordered briefing on the preliminary relief under the assumption that Plaintiffs would object to the report and recommendation and could thus take months to fully decide the motion to dismiss. However, Plaintiffs did not object, and the Court was left with an unopposed recommendation to dismiss the case. Given that no party was opposing a recommendation which divested the Court of jurisdiction, it would have been improper to issue preliminary relief knowing that the case would be dismissed.

## III. CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Plaintiffs' motion for reconsideration, (Dkt. 48), is **DENIED**.

**SIGNED** on November 2, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE