United States Court of Appeals
for the Fifth Circuit

FILED
July 27, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: klw
                  DEPUTY

United States Court of Appeals
Fifth Circuit
**FILED**
July 5, 2023
Lyle W. Cayce
Clerk

No. 22-51018
Summary Calendar

─────────────

John Lynch; Daxton Hartsfield; Shawn Sakhizada,

*Plaintiffs—Appellants*,

*versus*

Tesla, Incorporated,

*Defendant—Appellee*.

─────────────────────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-597

─────────────────────────────

Before Dennis, Elrod, and Willett, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that appellants pay to appellee the costs on appeal to be taxed by the Clerk of this Court.

Certified as a true copy and issued
as the mandate on **Jul 27, 2023**

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals
# for the Fifth Circuit

No. 22-51018
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
July 5, 2023
Lyle W. Cayce
Clerk

John Lynch; Daxton Hartsfield; Shawn Sakhizada,

*Plaintiffs—Appellants*,

*versus*

Tesla, Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-597-RP
_____

Before Dennis, Elrod and Willett, *Circuit Judges*.

Per Curiam:*

Appellants John Lynch, Daxton Hartsfield, and Shawn Sakhizada ("Appellants"), former employees of Tesla, Inc. ("Tesla"), alleged that the company violated the Worker Adjustment and Retraining Notification ("WARN") Act and its California analogue. After the magistrate court partially granted Appellants' motion for a protective order requiring Tesla to

_____

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-10953

issue notice of the lawsuit to potentially affected employees, the district court adopted the magistrate judge's recommendation that this lawsuit be dismissed in favor of arbitration. Appellants now complain that the district court erred in dismissing the case prior to Tesla issuing notice to potential plaintiffs. Because the district court committed no error, we AFFIRM.

Appellants allege that Tesla violated the WARN Act and its California analogue by failing to give 60-days' notice to employees prior to terminating them as a part of a mass layoff and requiring employees who had been terminated to execute separation agreements fully releasing legal claims against Tesla. Tesla has arbitration agreements with all employees. Shortly after filing the present lawsuit, Appellants moved for a protective order and Tesla moved to dismiss to compel arbitration. The magistrate judge first granted Appellants' motion in part, ordering Tesla to notify terminated employees "of the existence of [the] lawsuit." *Lynch v. Tesla, Inc.*, No. 1:22-CV-00597-RP, at *4 (W.D. Tex. Sept. 16, 2022). The magistrate court next recommended that the district court dismiss the lawsuit in favor of arbitration. Appellants did not object to the magistrate court's recommendation, which the district court adopted. Appellants then filed a motion for reconsideration, arguing that the district court should have considered the magistrate judge's intent to grant preliminary relief in the form of notice prior to dismissing the lawsuit. The district court denied the motion.

Appellants argue that the district court erred in dismissing the lawsuit without first requiring Tesla to issue notice to all potential class members according to the magistrate's judge's order. Appellants' challenges to the district court's orders dismissing the lawsuit and denying the motion for reconsideration are reviewed for plain error. *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 270 (5th Cir. 2019); *Martinez v. Crystal City Indep. Sch. Dist.*, 250 F.3d 744 (5th Cir. 2001).

2

No. 22-10953

Appellants argue that their failure to object to the magistrate court's recommendation is inconsequential because the district court should have considered the magistrate judge's apparent intent to have Tesla issue notice to potential members in the class prior to dismissing the case. However, the district court was under no obligation to accept the magistrate judge's proposed timeline for reviewing the motions pending in this case, especially since the magistrate judge's recommendation for dismissal pertained to a dispositive motion where the magistrate court is limited to a recommendation, rather than an order. 28 U.S.C. § 636(b)(1)(B)

Appellants also argue that it was improper for the district court to dismiss and compel arbitration because Tesla's objection to the magistrate judge's order to issue notice and emergency motion to stay the order were pending when the case was dismissed. Appellants rely on the Fifth Circuit's assertion that dismissal in favor of arbitration is proper "when *all* of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (citations omitted). However, *Alford* stands only for the general proposition that dismissal, rather than a stay, is proper when all issues of merit are arbitrable, not that a case cannot be dismissed to compel arbitration when there are objections or motions pending. *Id.* Here, the magistrate judge found that the entire case was subject to arbitration. The district court committed no error in adopting the magistrate judge's recommendation prior to ruling on Tesla's objection and emergency motion.

AFFIRMED.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

July 27, 2023

Mr. Philip Devlin
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 22-51018   Lynch v. Tesla, Inc.
                      USDC No. 1:22-CV-597

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Roeshawn Johnson, Deputy Clerk
                        504-310-7998

cc:  Mr. Clayton M. Davis
     Mr. Drew Herrmann
     Mr. Harold L. Lichten
     Ms. Shannon Liss-Riordan
     Mr. Zachary L. Rubin
     Mr. Robert Elwood Sheeder
     Mr. Thomas Cullen Wallace